Kenneth H. Brown (CA Bar No. 100396)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: kbrown@pszjlaw.com
            mmanning@pszjlaw.com

Tyler J. Bexley
REESE MARKETOS LLP
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Telephone: (214) 382-9810
Email: tyler.bexley@rm-firm.com

Attorneys for CoEfficient, LLC, and
TelEfficient, LLC; aka TeleSwitch Finance, LLC
Alleged Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**COEFFICIENT, LLC,**<br><br>Alleged Debtor. | Jointly Administered Under Case No.:<br>4:18-bk-41932<br><br>Chapter 7<br><br>(Related Case No. 4:18-bk-41933) |
| In re:<br><br>**TELEFFICIENT, LLC; aka TELESWITCH FINANCE, LLC**<br><br>Alleged Debtor. | **DECLARATION OF TYLER J. BEXLEY IN SUPPORT OF ALLEGED DEBTORS' MOTION FOR JUDGMENT AGAINST PETITIONERS FOR ATTORNEYS' FEES AND COSTS PURSUANT TO BANKRUPTCY CODE SECTION 303(i)**<br><br>**Hearing**<br>Date: March 27, 2019<br>Time: 10:30 a.m.<br>Place: Courtroom 220<br>1300 Clay Street<br>Oakland, CA 94612 |

Pursuant to 28 U.S.C. § 1746, I, Tyler Bexley, hereby declare as follows:

1.    I am counsel to CoEfficient, LLC and TelEfficient, LLC (collectively, the "<u>Alleged Debtors</u>") in the lawsuits identified herein and have personal knowledge of the facts contained in this

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1   Declaration, which are true and correct, and if sworn as a witness, I could and would testify

2   competently thereto.

3       2.      I submit this declaration in support of the *Alleged Debtors' Motion for Judgment*

4   *Against Petitioners for Attorneys' Fees and Costs Pursuant to Bankruptcy Code Section 303(i).*

5       3.      I am lead counsel to the Alleged Debtors in the state court action pending in the 116th

6   Judicial District Court of Dallas County, Texas, entitled, *GENBAND Management Services,*

7   *Corporation v. CoEfficient, LLC and TelEfficient, LLC*, Cause No. DC-16-12593 (the "State Court

8   Action"); and (2) the Adversary Proceeding that was initiated when GENBAND removed the State

9   Court Action to the U.S. Bankruptcy Court for the Northern District of Texas, pending as Adversary

10  Case No. 3:18-03242. I also represent Alleged Debtors in this proceeding as co-counsel with

11  Pachulski Stang Ziehl & Jones LLP.

12      4.      GENBAND initiated the State Court Action on September 23, 2016 by filing claims

13  for breach of promissory notes and guaranties against the Alleged Debtors. The Alleged Debtors

14  asserted a Counterclaim on October 20, 2017. After several agreed continuances, the case was set

15  for trial beginning November 12, 2018.

16      5.      Pursuant to the State Court Scheduling Order, the Alleged Debtors served a report of

17  their damages expert on July 26, 2018. The Alleged Debtors' damages expert disclosed several

18  damages models, calculating damages of up to $30.1 million for the Alleged Debtors' counterclaims.

19  GENBAND's deadline to serve a responsive expert report was August 24, 2018. GENBAND filed

20  this involuntary bankruptcy proceeding three days before that deadline, enabling it to avoid serving a

21  responsive expert report. To date, GENBAND still has not served such a report.

22      6.      GENBAND's bankruptcy filing and removal also vacated the State Court trial setting

23  of November 12, 2018. Following the dismissal of the involuntary petitions, the Alleged Debtors

24  proposed to reset the State Court trial for February 2019, but GENBAND rejected any trial setting

25  before the summer of 2019. As a compromise, the Alleged Debtors have sought to reset the State

26  Court trial for April 2019, which GENBAND still opposes. The State Court has scheduled a hearing

27  to determine when to set the State Court Action for trial.

28

7.      Based on the Court's dismissal of the involuntary petitions, the Alleged Debtors seek an award of attorneys' fees and costs pursuant to 11 U.S.C. § 303(i). I have reviewed the attorneys' fees charged for the work performed by my firm, Reese Marketos LLP, in connection with GENBAND's bankruptcy filing. Those fees are itemized on my firm's invoices, a true and correct copy of which are attached hereto as **Exhibit 1**.

8.      I am the only timekeeper for which my firm is seeking to recover fees. My hourly rate for this matter is $625. This is consistent with the rate I charge for comparable matters in similar jurisdictions. It is my opinion that this rate is reasonable considering my eight-plus years of experience in complex and high-stakes litigation, the type of matter, and the complexity involved.

9.      As reflected in the invoices, the Alleged Debtors seek $84,125.00 incurred in connection with the work of Reese Marketos on this bankruptcy matter. I analyzed the reasonableness of this amount using the "lodestar" method, multiplying my hourly rate of $625 by 134.6 hours, for a lodestar amount of $84,125.00. It is my opinion that this lodestar amount is reasonable and reflects the necessary time for the results obtained in this matter. Specifically, this was a complex bankruptcy filing that required substantial briefing and research on several issues, including whether GENBAND's claims were the subject of a bona fide dispute and the doctrine of abstention under section 305(a)(1). The work of the Alleged Debtors' counsel included the filing of a substantial motion to dismiss with evidence; the review of GENBAND's extensive response brief and evidence; the filing of a reply brief that contained substantial additional evidence; preparation for and attendance at a hearing on the motion to dismiss; the filing of a motion to remand in the Dallas Bankruptcy Court; and the filing of a response to GENBAND's motion to transfer in the Dallas Bankruptcy Court. These tasks required numerous hours of legal research and reviewing and compiling evidence from the depositions and thousands of documents produced in the State Court Action. Although Pachulski also served as bankruptcy counsel to the Alleged Debtors, my involvement was important since the Alleged Debtors' motion to dismiss depended, in large part, on the facts and evidence in the State Court Action. Indeed, given that the bona fide dispute issue was a central part of the parties' briefing and arguments to the Court, I took the lead on drafting the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    Alleged Debtors' Reply Brief and arguing the bona fide dispute issues at the hearing on the motion

2    to dismiss.

3        10.    Given the complexity of the case and the substantial work required, it is my opinion

4    that the hours spent and fees charged by my firm were reasonable and necessary.  My opinion is

5    further supported by the results obtained, which included the complete relief requested of dismissal

6    of the involuntary petitions and remand to the State Court for a jury trial.

7        11.    In addition, I exercised billing judgment in considering the reasonableness of the fees

8    that are being submitted for recovery from GENBAND.  Although I believe that all of the fees my

9    firm charged were reasonable and necessary, I have eliminated or reduced several entries from the

10   amount the Alleged Debtors seek to recover.  For example, I have eliminated all paralegal time, all

11   charges for travel time, some time associated with work compiling a list of creditors and liabilities,

12   and time associated with my pro hac vice application and certain requests for deadline extensions.  I

13   have also eliminated all costs (e.g., hotel and airfare for travel, electronic research costs, etc.) from

14   my firm's invoices.

15       12.    In addition to the fees that my firm has already charged, the Alleged Debtors also

16   seek to recover the fees incurred in the preparation of the Alleged Debtors' Application for Costs

17   and Attorneys' Fees.  This currently amounts to more than $15,000.  The Alleged Debtors will

18   submit a supplemental amount at the time the hearing on their Application.

19       13.    Attached hereto as **Exhibit 2** is a true and correct copy of email correspondence

20   between GENBAND's counsel and me dated August 21, 2018.

21       14.    Attached hereto as **Exhibit 3** is a true and correct copy of a letter from GENBAND's

22   counsel to the State Court dated October 26, 2017.

23       15.    Attached hereto as **Exhibit 4** is a true and correct copy of GENBAND's Notice of

24   Removal filed in the U.S. District Court for the Northern District of Texas.

25       16.    Attached hereto as **Exhibit 5** is a true and correct copy of a chain of email

26   correspondence between GENBAND's counsel and me regarding scheduling the trial in the State

27   Court Action.

28

17.     Attached hereto as **Exhibit 6** is a true and correct copy of a fee application filed by Baker Botts in another proceeding, which I accessed via PACER.

I declare under the penalty of perjury that the statements included in this Declaration are true and correct.

Executed on this 26th day of February 2019.

Tyler J. Bexley

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT 1

**Reese Marketos LLP**
750 N. Saint Paul Street
Suite 600
Dallas, TX 75201-3201

02-18-2019

CoEfficient LLC

**Invoice Number: 4138**
Invoice Period: 08-22-2018 - 01-31-2019

**RE: 295.3_CoEfficient/TelEfficient Bankruptcy**

| | | |
|---|---|---|
| | **Fees** | 84,125.00 |
| | **Total for this Invoice** | 84,125.00 |

**Reese Marketos LLP**
750 N. Saint Paul Street
Suite 600
Dallas, TX 75201-3201
214-382-9810
**Tax ID: 27-4587831**

02-18-2019

CoEfficient LLC

**Invoice Number: 4138**
Invoice Period: 08-22-2018 - 01-31-2019

Payment Terms: Due Upon Receipt

**RE: 295.3_CoEfficient/TelEfficient Bankruptcy**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 08-22-2018 | Tyler Bexley | Review involuntary bankruptcy petition filed by Genband; telephone conference with M. Armbruster and C. Parrish regarding same; research rules and case law on involuntary bankruptcy, including application of automatic stay to debtor's affirmative claims and grounds for dismissal of involuntary bankruptcy; email correspondence with opposing counsel noting opposition to motion to stay. | 2.50 | 625.00 | 1,562.50 |
| 08-23-2018 | Tyler Bexley | Research case law on involuntary bankruptcy, including dismissal for failure to meet requirements, award of damages and fees for bad faith filing, and whether debtor's claims are property of the estate; review information relating to assigned bankruptcy judges and bankruptcy rules; telephone conference with potential bankruptcy counsel; review suggestion of bankruptcy filed by Genband. | 5.00 | 625.00 | 3,125.00 |
| 08-24-2018 | Tyler Bexley | Review Genband's notice of removal; research rules and case law regarding removal of state court claims to bankruptcy court, including remand and abstention issues; research case law on whether litigation claims are property of the estate during involuntary bankruptcy gap period; telephone conference with potential bankruptcy counsel regarding removal issues and strategy in bankruptcy case. | 3.00 | 625.00 | 1,875.00 |
| 08-27-2018 | Tyler Bexley | Review new bankruptcy filings; telephone conference with M. Armbruster regarding bankruptcy issues and strategy; research case law on remand and abstention. | 4.00 | 625.00 | 2,500.00 |
| 08-28-2018 | Tyler Bexley | Review bankruptcy filings and correspondence regarding transfer of bankruptcy case to California; email correspondence with potential California bankruptcy counsel; telephone conference with M. Armbruster regarding strategy considerations relating to bankruptcy. | 1.80 | 625.00 | 1,125.00 |
| 08-29-2018 | Tyler Bexley | Research case law on abstention doctrine; research | 8.20 | 625.00 | 5,125.00 |

Case: 18-41932    Doc# 45-3    Filed: 02/26/19    Entered: 02/26/19 12:47:39    Page 8 of 47

| Date | Professional | Description | Hours | Rate | Amount |
|------|--------------|-------------|-------|------|--------|
| | | case law regarding removal in violation of the automatic stay; begin drafting motion to remand; email correspondence with court and opposing counsel regarding remand and transfer; telephone conference with bankruptcy counsel regarding case issues and strategy. | | | |
| 08-30-2018 | Tyler Bexley | Telephone conference with bankruptcy counsel regarding case issues; telephone conference with M. Armbruster regarding same; telephone conference with opposing counsel regarding motion to remand; draft motion to remand and research supporting case law. | 6.40 | 625.00 | 4,000.00 |
| 08-31-2018 | Tyler Bexley | Telephone conference and email correspondence with bankruptcy counsel regarding strategy issues for responding to involuntary bankruptcy petitions and motion to remand issues; research case law on mandatory and permissive abstention issues. | 1.30 | 625.00 | 812.50 |
| 09-04-2018 | Tyler Bexley | Telephone conference and email correspondence with bankruptcy counsel regarding involuntary petition strategy and motion to remand issues; work on motion to remand and research related case law. | 4.00 | 625.00 | 2,500.00 |
| 09-05-2018 | Tyler Bexley | Finalize draft of motion to remand and research related case law; email correspondence and telephone conference with bankruptcy counsel regarding remand motion; revise and finalize motion to remand; review and compile documents in support of motion to remand; email correspondence with opposing counsel and court regarding setting hearing on motion to remand. | 4.80 | 625.00 | 3,000.00 |
| 09-06-2018 | Tyler Bexley | Revise and finalize motion to remand, brief in support, and supporting documents; email correspondence and telephone conference with M. Armbruster regarding remand motion and issues relating to involuntary bankruptcy; work on list of creditors. | 4.00 | 625.00 | 2,500.00 |
| 09-07-2018 | Tyler Bexley | Review Genband's motion to transfer venue; telephone conference with bankruptcy counsel regarding motion to dismiss involuntary petitions. | 2.00 | 625.00 | 1,250.00 |
| 09-10-2018 | Tyler Bexley | Review Genband's motion to transfer venue in preparation for drafting response; research case law on venue transfer, including timing of deciding venue motion while remand motion is pending. | 2.80 | 625.00 | 1,750.00 |
| 09-11-2018 | Tyler Bexley | Review motion to dismiss involuntary petitions; work on response to motion to transfer venue. | 1.40 | 625.00 | 875.00 |
| 09-12-2018 | Tyler Bexley | Review motion to dismiss involuntary petitions and correspond with bankruptcy counsel regarding same. | 1.00 | 625.00 | 625.00 |
| 09-13-2018 | Tyler Bexley | Email correspondence and telephone conference with M. Armbruster regarding involuntary bankruptcy filing and strategy issues; email correspondence with bankruptcy counsel regarding same. | 1.00 | 625.00 | 625.00 |
| 09-14-2018 | Tyler Bexley | Work on list of creditors and payment information; telephone conference with M. Armbruster regarding creditor and payment information; email correspondence with bankruptcy counsel regarding same. | 4.40 | 625.00 | 2,750.00 |
| 09-17-2018 | Tyler Bexley | Work on motion to dismiss and compile supporting documents; email correspondence and telephone conference with K. Brown regarding motion to dismiss. | 3.00 | 625.00 | 1,875.00 |

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 09-18-2018 | Tyler Bexley | Review and revise motion to dismiss and compile supporting state court pleadings; draft declaration in support of motion to dismiss; email correspondence with bankruptcy counsel regarding same. | 5.70 | 625.00 | 3,562.50 |
| 09-19-2018 | Tyler Bexley | Review documents relating to outstanding debts and payments; telephone conference with M. Armbruster regarding same; draft creditor list. | 3.20 | 625.00 | No Charge |
| 09-20-2018 | Tyler Bexley | Work on creditor list and correspond with M. Armbruster regarding same; telephone conference with bankruptcy counsel regarding motion to dismiss and supporting information; draft declaration of M. Armbruster in support of motion to dismiss; review and revise Bexley declaration. | 3.00 | 625.00 | No Charge |
| 09-21-2018 | Tyler Bexley | Review and revise declarations in support of motion to dismiss. | 0.50 | 625.00 | 312.50 |
| 09-24-2018 | Tyler Bexley | Work on declarations in support of motion to dismiss involuntary petitions; telephone conference with M. Armbruster regarding creditor information and payments; telephone conference with bankruptcy counsel regarding motion to dismiss and supporting documentation. | 5.50 | 625.00 | 3,437.50 |
| 09-25-2018 | Tyler Bexley | Research case law on venue transfer in bankruptcy adversary cases, including timing of venue determination with pending remand motion; work on response to motion to transfer venue; review and provide comments on declarations and documents relating to motion to dismiss involuntary petitions; telephone conference and email correspondence with bankruptcy counsel regarding motion to dismiss. | 7.20 | 625.00 | 4,500.00 |
| 09-26-2018 | Tyler Bexley | Telephone conference with bankruptcy counsel regarding status conference; telephone conference with opposing counsel regarding motion to dismiss and request for discovery; work on response to motion transfer venue and research supporting case law. | 7.50 | 625.00 | 4,687.50 |
| 09-27-2018 | Tyler Bexley | Prepare for and attend status conference on adversary case in bankruptcy court; email correspondence with bankruptcy counsel regarding status conference and scheduling of dismissal hearing. | 2.50 | 625.00 | 1,562.50 |
| 09-28-2018 | Tyler Bexley | Telephone conference with M. Armbruster regarding status conference issues; research case law on filing involuntary bankruptcy on behalf of defunct entity. | 0.50 | 625.00 | 312.50 |
| 10-02-2018 | Tyler Bexley | Email correspondence with bankruptcy counsel regarding stipulation and pro hac application. | 0.30 | 625.00 | No Charge |
| 10-05-2018 | Tyler Bexley | Prepare pro hac vice forms and correspond with bankruptcy counsel regarding same. | 0.50 | 625.00 | No Charge |
| 10-10-2018 | Tyler Bexley | Review Genband's response to motion to dismiss involuntary petitions; email correspondence with bankruptcy counsel regarding same. | 0.50 | 625.00 | 312.50 |
| 10-11-2018 | Tyler Bexley | Review Genband's response to motion to dismiss involuntary petitions; email correspondence with bankruptcy counsel regarding same; begin working on reply in support of motion to dismiss and research supporting case law; telephone conference with M. Armbruster regarding bankruptcy issues. | 3.30 | 625.00 | 2,062.50 |
| 10-12-2018 | Tyler Bexley | Work on reply in support of motion to dismiss involuntary petitions and research supporting case | 7.00 | 625.00 | 4,375.00 |

Case: 18-41932   Doc# 45-3   Filed: 02/26/19   Entered: 02/26/19 12:47:39   Page 10 of 47

| Date | Professional | Description | Hours | Rate | Amount |
|------|--------------|-------------|-------|------|--------|
| | | law; telephone conference with M. Armbruster regarding status of bankruptcy case and motion to dismiss. | | | |
| 10-14-2018 | Tyler Bexley | Research case law for motion to dismiss involuntary bankruptcy petitions. | 2.00 | 625.00 | 1,250.00 |
| 10-15-2018 | Tyler Bexley | Work on reply in support of motion to dismiss involuntary petitions and research supporting case law; telephone conference with bankruptcy counsel regarding same; draft and file amended notice of hearing on motion to remand. | 7.80 | 625.00 | 4,875.00 |
| 10-16-2018 | Tyler Bexley | Email correspondence with bankruptcy counsel regarding revisions to reply brief. | 0.30 | 625.00 | 187.50 |
| 10-17-2018 | Tyler Bexley | Revise and finalize reply in support of motion to dismiss; compile deposition excerpts and documents in support of reply; email correspondence with bankruptcy counsel regarding reply brief and supporting evidence. | 2.00 | 625.00 | 1,250.00 |
| 10-18-2018 | Tyler Bexley | Work on response to Genband's motion to transfer and research related case law; finalize and file response to motion to transfer; review Genband's response to motion to remand. | 3.20 | 625.00 | 2,000.00 |
| 10-22-2018 | Tyler Bexley | Draft motion to seal and supporting documentation and correspond with bankruptcy counsel regarding same; review and compile documents in preparation for hearing on involuntary petitions; email correspondence with M. Armbruster regarding bankruptcy issues. | 3.00 | 625.00 | 1,875.00 |
| 10-23-2018 | Dee Dee Carr | Prepare material in connection with October 24, 2018 hearing. | 0.30 | 150.00 | No Charge |
| 10-23-2018 | Tyler Bexley | Review briefing and case law in preparation for hearing on motion to dismiss involuntary petitions; travel to Oakland for hearing (no charge for travel). | 5.00 | 625.00 | 3,125.00 |
| 10-24-2018 | Tyler Bexley | Prepare for and attend hearing on motion to dismiss involuntary petitions; confer with K. Brown in preparation for hearing; travel back to Dallas following hearing (no charge for travel). | 6.00 | 625.00 | 3,750.00 |
| 10-25-2018 | Tyler Bexley | Telephone conference with M. Armbruster and C. Parrish regarding bankruptcy hearing; research rules and case law on fee shifting and right of appeal in abstention cases; email correspondence with K. Brown regarding same. | 0.70 | 625.00 | 437.50 |
| 10-30-2018 | Tyler Bexley | Draft motion to extend deadline for replies; email correspondence with opposing counsel regarding same. | 0.40 | 625.00 | No Charge |
| 10-31-2018 | Tyler Bexley | Draft and file proposed order on motion to extend time to file replies. | 0.30 | 625.00 | No Charge |
| 11-02-2018 | Tyler Bexley | Participate in telephone hearing issuing ruling on motion to dismiss; telephone conference with bankruptcy counsel regarding same. | 1.50 | 625.00 | 937.50 |
| 11-05-2018 | Tyler Bexley | Email correspondence and telephone conference with opposing counsel regarding proposed briefing schedule on attorneys' fees issue; telephone conference with bankruptcy counsel regarding same; research issues relating to attorneys' fees motion. | 1.00 | 625.00 | 625.00 |
| 11-06-2018 | Tyler Bexley | Draft proposed briefing schedule and correspond with opposing counsel regarding same; email correspondence with bankruptcy counsel regarding | 0.50 | 625.00 | 312.50 |

Case: 18-41932    Doc# 45-3    Filed: 02/26/19    Entered: 02/26/19 12:47:39    Page 11 of 47

| Date | Professional | Description | Hours | Rate | Amount |
|------|--------------|-------------|-------|------|--------|
| | | status report. | | | |
| 11-19-2018 | Tyler Bexley | Email correspondence with bankruptcy counsel regarding stipulation to extend time for briefing on motion for attorneys' fees; review and revise draft stipulation. | 0.50 | 625.00 | No Charge |
| 12-20-2018 | Tyler Bexley | Telephone conference and email correspondence with bankruptcy counsel regarding attorneys' fee application; email correspondence with opposing counsel regarding same. | 0.50 | 625.00 | 312.50 |
| 12-31-2018 | Tyler Bexley | Draft proposed order on motion to remand; email correspondence with opposing counsel regarding same. | 0.30 | 625.00 | 187.50 |
| | | | | **Total Fees** | 84,125.00 |

## Time Summary

| Professional | Hours | Amount |
|--------------|-------|--------|
| Dee Dee Carr | 0.30 | 0.00 |
| Tyler Bexley | 142.80 | 84,125.00 |
| | **Total Fees** | 84,125.00 |

| | | |
|--|--|--|
| | **Total for this Invoice** | 84,125.00 |

02-18-2019

**Reese Marketos LLP**
750 N. Saint Paul Street
Suite 600
Dallas, TX 75201-3201

**Invoice Number: 4138**
Invoice Period: 08-22-2018 - 01-31-2019

## REMITTANCE COPY
**Please Include with Payment**

**RE: 295.3_CoEfficient/TelEfficient Bankruptcy**

| | |
|---|---|
| **Fees** | 84,125.00 |
| **Total for this Invoice** | 84,125.00 |

We appreciate your business

Case: 18-41932    Doc# 45-3    Filed: 02/26/19    Entered: 02/26/19 12:47:39    Page 13 of 47

# EXHIBIT 2

From: **Tyler Bexley** tyler.bexley@rm-firm.com
Subject: Genband: Settlement Offer
Date: August 21, 2018 at 11:47 AM
To: jonathan.rubenstein@bakerbotts.com



Jonathan:

Thanks for the call yesterday conveying the offer of a walkaway settlement. While my client appreciates the efforts to resolve this matter, we respectfully reject the offer. However, we remain willing to discuss settlement and explore ways to resolve the case without trial.

# Reese Marketos LLP

Tyler J. Bexley
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9805 | Main: (214) 382-9810
www.rm-firm.com

# EXHIBIT 3

# BAKER BOTTS LLP

2001 ROSS AVENUE
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN          LONDON
BEIJING         MOSCOW
BRUSSELS        NEW YORK
DALLAS          PALO ALTO
DUBAI           RIYADH
HONG KONG       SAN FRANCISCO
HOUSTON         WASHINGTON

October 26, 2017

Amy Heard
TEL: 2149536943
FAX: 2146614943
amy.heard@bakerbotts.com

VIA E-MAIL [STOWNSEND@DALLASCOURTS.ORG]

Shirl Townsend
Court Coordinator
116th District Court
George L. Allen, Sr. Courts Building
600 Commerce Street
Box 640
Dallas, TX 75202

Re: DC-16-12593 GENBAND Management Services v. CoEfficient, LLC and
TelEfficient, LLC

Dear Ms. Townsend:

As we discussed this afternoon, the hearing set on November 16, 2017 for GENBAND's Traditional Motion for Partial Summary Judgment has been canceled. We have informed opposing counsel that the November 16 hearing has been canceled, and GENBAND will provide the required notice to all parties when the hearing is reset upon an amended motion for summary judgment following discovery.

Respectfully,

*/s/ Amy C. Heard*

Amy Heard

AH

cc: Tyler Bexley

# EXHIBIT 4

Omar J. Alaniz
omar.alaniz@bakerbotts.com
Jonathan Rubenstein
jonathan.rubenstein@bakerbotts.com
Amy C. Heard
amy.heard@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  (214) 953-6500

Attorneys for Plaintiff/Counter-Defendant GENBAND Management Services
Corporation and Counter-Defendants GENBAND Holdings Company and GENBAND US LLC

## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No.  4:18-bk-41932 (N.D. Cal.)** |
| **CoEfficient, LLC** | § | **Chapter 7** |
|     **Alleged Debtor.** | § | |
| | § | |
| **In re:** | § | |
| | § | **Case No.  4:18-bk-41933 (N.D. Cal.)** |
| **TelEfficient, LLC; TeleSwitch Finance, LLC,** | § | **Chapter 7** |
| | § | |
|     **Alleged Debtor.** | § | |
| **GENBAND Management Services Corporation,** | § | |
| | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CoEfficient, LLC; TelEfficient, LLC.** | § | |
| | § | **ADV. PRO. _____** |
|     **Defendants/ Counter-Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GENBAND Management Services, Corporation, GENBAND Holdings Company, and GENBAND US, LLC,** | § | |
| | § | |
| | § | |
|     **Counter-Defendants** | § | |

**Notice of Removal**                                                                                    **Page 1**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a), Plaintiff/Counter-Defendant GENBAND Management Services Corporation and Counter-Defendants GENBAND Holdings Company, and GENBAND US, LLC (together "GENBAND") file this Notice of Removal of Case No. DC-16-12593 in the 116th District Court of Dallas County, Texas (the "State Court Action") to the United States Bankruptcy Court of the Northern District of Texas, Dallas Division.

This Adversary Proceeding is related to an involuntary bankruptcy case that GENBAND initiated against CoEfficient, LLC and TelEfficient, LLC in the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "California Bankruptcy Court") on August 21, 2018.

Following the initiation of involuntary proceedings, GENBAND sought consent from counsel for CoEfficient, LLC and TelEfficient, LLC to file an Agreed Motion to Stay in the State Court Action pending the results of the California Bankruptcy Court proceedings. This Notice of Removal is filed in response to counsel's denial of that request and statement of intention to pursue claims against GENBAND despite proper ownership of those claims by the estate under 11 U.S.C. § 541(a).

## BACKGROUND

1.      GENBAND and TelEfficient, LLC entered into a Teaming Agreement in August 2012 under which TelEfficient (the operating subsidiary of CoEfficient, LLC) would present GENBAND's customers with energy financing as an option to facilitate the purchase of GENBAND's products. GENBAND introduced TelEfficient to several of its customers, and TelEfficient prepared pitches of its product to present to interested telecommunications

companies.  Ultimately, TelEfficient's pitches were unsuccessful, and their financing vehicle was never utilized.

2.      During the course of the parties' relationship, TelEfficient requested several loans from GENBAND, representing that it needed cash to pay operating expenses while putting together pitches for GENBAND customers.

3.      On April 1, 2014, GENBAND entered into an agreement to loan TelEfficient $100,000.00.  CoEfficient guaranteed the prompt and complete payment of all amounts that TelEfficient owed to GENBAND.  On August 8, 2014, GENBAND entered into an agreement to loan CoEfficient $300,000.00.  On December 18, 2014, GENBAND and CoEfficient executed a promissory note in the amount of $255,000.[1]  On May 9, 2015, GENBAND entered into an agreement to loan CoEfficient $40,000.00.  TelEfficient guaranteed the prompt and complete payment of all amounts that CoEfficient owed to GENBAND under each of the August 2014, December 2014 and May 2015 Notes (together with the April 2014 Note, "the Notes").

4.      The maturity date of each of the Notes was extended until August 8, 2015.  The parties' business relationship was ongoing, but it soon became apparent that neither CoEfficient nor TelEfficient had any plan to repay the Notes.

5.      In total, GENBAND loaned CoEfficient/TelEfficient $610,000 in principal.  The debt was never repaid, and attempts at a business resolution failed.  On September 23, 2016, GENBAND filed the State Court Action to recover unpaid debts, under breach of contract and breach of guaranty causes of action.  Those claims are removed by this Notice.

6.      On October 20, 2017, CoEfficient and TelEfficient filed an Original Counterclaim.  Those claims were amended most recently in the Second Amended Counterclaim,

---

[1] The December 18, 2014 Promissory Note provided for staggered funding of the note, contingent on certain occurrences.  In total, GENBAND loaned CoEfficient $170,000.00 of the $255,000 contemplated under this note.

filed July 26, 2018, and are removed by this Notice.  The counterclaims are (I) fraud, (II) fraudulent inducement, (III) negligent misrepresentation, (IV) breach of contract, and (V) misappropriation of trade secrets.

7.    GENBAND learned that CoEfficient and TelEfficient have other obligations they have failed to pay, that neither CoEfficient nor TelEfficient has any revenue stream, and that CoEfficient and TelEfficient have paid other obligations instead of paying amounts owed to GENBAND. Consequently, GENBAND filed an Involuntary Petition against CoEfficient and TelEfficient in the California Bankruptcy Court on August 21, 2018.

### PROCEDURAL ALLEGATIONS

8.    This Court has jurisdiction over the Removed Action under 28 U.S.C. §§ 157 and 1334(b) and the "*Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*," dated August 3, 1984.

9.    GENBAND's claims against CoEfficient and TelEfficient are breach of contract and breach of guaranty claims filed to recover money.  Those claims constitute a core proceeding under 28 U.S.C. § 157(b), resulting in federal jurisdiction of the claims filed against CoEfficient and TelEfficient in the State Court Action.

10.    This Court also has jurisdiction over CoEfficient and TelEfficient's counterclaims in the Removed Action pursuant to its "related to" jurisdiction under 28 U.S.C. §§ 1334(b) and 157(a) and has the authority to hear matters related to those claims.

11.    This court is the proper court to which to remove the action as it is the bankruptcy court for the district where the civil action is pending, the State Court Action is not a proceeding before the United States Tax Court, nor is it a civil action by a governmental unit to enforce such

**Notice of Removal**                                                                                           **Page 4**

governmental unit's police or regulatory power. *See* 28 U.S.C. § 1452(a), Fed. R. Bankr. P. 9027(a)(1).

12.     Promptly after filing this Notice of Removal, GENBAND will provide written notice to CoEfficient and TelEfficient of this Notice of Removal and file a copy of this Notice of Removal with the clerk of the 116th Judicial District Court of Dallas County, Texas.

13.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 9027-1(c) of the United States Bankruptcy Court of the Northern District of Texas, attached as Exhibit A is a copy of the state court docket sheet and all pleadings in the case in the State Court Action, preceded by a table of contents for this Court's reference.

## CONCLUSION

GENBAND provides notice that this action is removed from the 116th Judicial District Court of Dallas County, Texas to the United States Bankruptcy Court of the Northern District of Texas, Dallas Division.

Dated: August 23, 2018                     Respectfully submitted,

                                           */s/ Omar J. Alaniz*
                                           Omar J. Alaniz, Bar No. 24040402
                                           omar.alaniz@bakerbotts.com
                                           Jonathan Rubenstein, Bar No. 24037403
                                           jonathan.rubenstein@bakerbotts.com
                                           Amy C. Heard, Bar no. 24097818
                                           amy.heard@bakerbotts.com

                                           BAKER BOTTS L.L.P.
                                           2001 Ross Avenue
                                           Dallas, Texas 75201
                                           Telephone: (214) 953-6500

                                           **Attorneys for Plaintiff/Counter-
                                           Defendant GENBAND Management
                                           Services Corporation and Counter-
                                           Defendants GENBAND Holdings
                                           Company and GENBAND US LLC**

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was served on the following counsel of record pursuant to the Texas Rules of Civil Procedure:

Tyler J. Bexley
tyler.bexley@rm-firm.com
REESE MARKETOS LLP
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201-3202

**ATTORNEY FOR DEFENDANTS/COUNTER-PLAINTIFFS COEFFICIENT, LLC AND TELEFFICIENT, LLC**

*/s/ Amy C. Heard*
Amy C. Heard

# EXHIBIT 5

Tyler:

I understand your client's concerns. We've discussed them before, and I appreciate them. But as I've mentioned before, a trial in March or April is both impractical (generally) and impossible on our end. We must allow sufficient time for the remaining deadlines in the schedule to occur (as we've discussed before), including the completion of expert reports/discovery, the additional discovery that you expressed an intention to pursue, dispositive motion practice, and pretrial matters. Conflicts aside – that simply cannot occur in that timeframe. On top of all that, Genband has numerous witness conflicts (with prior work obligations) during the first half of April, and Genband has another significant trial beginning April 22. And you're already aware of my conflicts in late March and early April (out of the country) as well as the previously-discussed trials.

The one unknown (at least to me) remains the length of your client's travels and when he'll return. He appears to have some flexibility in that regard – which I also appreciate. So my recommendation is that we take the July 8 trial date, get it set for a special setting, and move forward.

Thanks.


**Jonathan Rubenstein**
Partner

Baker Botts L.L.P.

Baker Botts L.L.P.
jonathan.rubenstein@bakerbotts.com
T +1.214.953.6594
F +1.214.661.4594

2001 Ross Avenue
Dallas, Texas 75201
USA



**From:** Tyler Bexley <tyler.bexley@rm-firm.com>
**Sent:** Tuesday, January 15, 2019 4:25 PM
**To:** Rubenstein, Jonathan <Jonathan.Rubenstein@BakerBotts.com>
**Subject:** Re: Genband Schedule

Jonathan,

In addition to the travel issue, my client does not want to wait until later in the year to get this case resolved.  He was operating on the expectation that the case would be tried last November until Genband's involuntary bankruptcy filing.  The stay was lifted in November, and it doesn't seem unreasonable to expect a trial sooner than eight months after the stay was lifted.  I understand that your schedule is busy, but surely we can find one week between the end of the February trial and the beginning of the May trial.  We're willing to be flexible and make any of those weeks work.

## Reese Marketos LLP
Tyler J. Bexley
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9805 | Main: (214) 382-9810
www.rm-firm.com

On Jan 15, 2019, at 4:12 PM, <Jonathan.Rubenstein@BakerBotts.com>
<Jonathan.Rubenstein@BakerBotts.com> wrote:

Tyler:

I appreciate your client's willingness to be flexible with his travels – I know they are important to him.

But as you and I may have discussed earlier, April is not something that is workable for either me or my client. I have to be out of the country myself for the first part of April, and then I return to go straight into pretrial proceedings with Judge Payne/Gilstrap the week of April 15. This set of cases is actually two separate cases that will have (at least) two separate trials in the first few weeks of May. I also recall there being client/witness conflicts for April. Unfortunately, April is untenable.

It sounds like your client is intending to be out of the country for several months. If he left as scheduled, which I believe was in March, when would he be scheduled to return? If he is willing to be flexible on the back end of his travel like he is on the front end, that would be much more fruitful for getting a trial date on the calendar soon.

Thanks again.

**Jonathan Rubenstein**
Partner

Baker Botts L.L.P.
jonathan.rubenstein@bakerbotts.com
T +1.214.953.6594
F +1.214.661.4594

2001 Ross Avenue
Dallas, Texas 75201
USA

<image001.png>

<image002.png>  <image003.png> <image004.png> <image005.png>
<image006.png>  <image007.png>

---

**From:** Tyler Bexley <tyler.bexley@rm-firm.com>
**Sent:** Tuesday, January 15, 2019 3:59 PM
**To:** Rubenstein, Jonathan <Jonathan.Rubenstein@BakerBotts.com>
**Subject:** Re: Genband Schedule

Jonathan,

I've spoken with my client, and his preference remains an earlier date than summer. I recall that you have trial settings in February and May. To schedule around those trial settings, my client is willing to push back his international travel so that we can schedule our trial in April. We can make any week in April work, so let me know if you can find one that works for your side. Thanks.

## Reese Marketos LLP
Tyler J. Bexley
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9805 | Main: (214) 382-9810
www.rm-firm.com

On Jan 11, 2019, at 5:11 PM, Jonathan.Rubenstein@BakerBotts.com wrote:

## Following up on this – could you and your client do July 8?

## Jonathan Rubenstein
Partner

Baker Botts L.L.P.
jonathan.rubenstein@bakerbotts.com
T +1.214.953.6594
F +1.214.661.4594

2001 Ross Avenue
Dallas, Texas 75201
USA

<image001.png>
<image002.png> <image003.png> <image004.png> <image005.png>
<image006.png> <image007.png>

---

**From:** Rubenstein, Jonathan
**Sent:** Thursday, January 10, 2019 4:28 PM
**To:** 'Tyler Bexley' <tyler.bexley@rm-firm.com>
**Subject:** RE: Genband Schedule

Tyler – I heard back from my client today. There are a couple weeks that are possible in July. I have a call into the court to see what it has available that month, and I'll circle back with you when I hear.

**Jonathan Rubenstein**
Partner

Baker Botts L.L.P.
jonathan.rubenstein@bakerbotts.com
T +1.214.953.6594
F +1.214.661.4594

2001 Ross Avenue

Dallas, Texas 75201
USA

<image001.png>

<image002.png> <image003.png> <image004.png> <image005.png>
<image006.png> <image007.png>

---

**From:** Tyler Bexley <tyler.bexley@rm-firm.com>
**Sent:** Wednesday, January 2, 2019 2:22 PM
**To:** Rubenstein, Jonathan <Jonathan.Rubenstein@BakerBotts.com>
**Subject:** Re: Genband Schedule

Yes, I already cancelled it.

## Reese Marketos LLP

Tyler J. Bexley
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9805 | Main: (214) 382-9810
www.rm-firm.com

On Jan 2, 2019, at 2:20 PM,
Jonathan.Rubenstein@BakerBotts.com wrote:

Just a quick note to confirm that you're
going to pull down the hearing for
tomorrow?

**Jonathan Rubenstein**
Partner

Baker Botts L.L.P.
jonathan.rubenstein@bakerbotts.com
T +1.214.953.6594
F +1.214.661.4594

2001 Ross Avenue
Dallas, Texas 75201
USA

<image001.png>

<image002.png>
 <image003.png> <image004.png> <image005.png>
<image006.png> <image007.png>

---

**From:** Tyler Bexley <tyler.bexley@rm-firm.com>
**Sent:** Monday, December 31, 2018 11:04 AM
**To:** Rubenstein, Jonathan
<Jonathan.Rubenstein@BakerBotts.com>
**Subject:** Re: Genband Schedule

Ok, got it.  Thanks.

## Reese Marketos LLP

Tyler J. Bexley
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9805 | Main: (214) 382-9810
www.rm-firm.com

> On Dec 31, 2018, at 11:02 AM,
> <Jonathan.Rubenstein@BakerBotts.com>
> <Jonathan.Rubenstein@BakerBotts.com> wrote:
>
> Yes, trial #2 in this series of
> cases in Judge Gilstrap's court
> is set for May 13, and there will
> likely be several weeks of trial
> and pretrial on account of it
> actually being two separate
> lawsuits which will ultimately
> need to be tried separately.

**Jonathan Rubenstein**
Partner

Baker Botts L.L.P.
jonathan.rubenstein@bakerbotts.com
T +1.214.953.6594
F +1.214.661.4594

2001 Ross Avenue
Dallas, Texas 75201
USA

<image001.png>

<image002.png>

 <image003.png> <image004.png> <image005.png> <image006.png> <image007.png>

---

**From:** Tyler Bexley <tyler.bexley@rm-firm.com>
**Sent:** Monday, December 31, 2018 11:00 AM
**To:** Rubenstein, Jonathan <Jonathan.Rubenstein@BakerBotts.com>
**Subject:** Re: Genband Schedule

That's fine, I'll pull down the hearing while we work toward an agreement.

My client asked if May is out of the question and I had forgotten. Can you remind me if that conflicts with one of your federal court settings?

**Reese Marketos LLP**
Tyler J. Bexley
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9805 | Main: (214) 382-9810
www.rm-firm.com

On Dec 31, 2018, at 10:58 AM,
<Jonathan.Rubenstein@BakerBotts.com>
<Jonathan.Rubenstein@BakerBotts.com> wrote:

Your ears must have been ringing.  I hadn't heard back from my client – likely because I lost them for the holidays – but I pinged them earlier this morning for a status report on this issue.  I'll let you know as soon as I hear.

As I mentioned last week, though, we'll either have to pull down or reschedule Thursday's hearing, as I now have to be in Judge Gilstrap's court all day Thursday.  I strongly suspect that we'll be able to reach agreement on a schedule, though.

**Jonathan Rubenstein**
Partner

Baker Botts L.L.P.
jonathan.rubenstein@bakerbotts.com
T +1.214.953.6594
F +1.214.661.4594

2001 Ross Avenue
Dallas, Texas 75201
USA

<image001.png>
<image002.png>
 <image003.png> <image004.png> <image005.png>
<image006.png> <image007.png>

---

**From:** Tyler Bexley <tyler.bexley@rm-firm.com>
**Sent:** Monday, December 31, 2018 10:23 AM
**To:** Rubenstein, Jonathan <Jonathan.Rubenstein@BakerBotts.com>
**Subject:** Genband Schedule

Jonathan:

Please let me know if you have any update on a proposed trial setting that works with your side.  Thanks.

**Reese Marketos LLP**
Tyler J. Bexley
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-

9805 | Main: (214) 382-9810
www.rm-firm.com

Confidentiality Notice:
The information contained in this email
and any attachments is intended only for
the recipient[s] listed above and may be
privileged and confidential. Any
dissemination, copying, or use of or
reliance upon such information by or to
anyone other than the recipient[s] listed
above is prohibited. If you have received
this message in error, please notify the
sender immediately at the email address
above and destroy any and all copies of
this message.

# EXHIBIT 6

<u>EXHIBIT 1</u>

**FINAL RETENTION ORDER**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
02/08/2018

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COBALT INTERNATIONAL ENERGY, INC., *et al.*,[1] | ) | Case No. 17-36709 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 181** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF BAKER BOTTS L.L.P. AS SPECIAL LITIGATION COUNSEL**
**FOR THE DEBTORS AND DEBTORS IN POSSESSION**
**EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the

Debtors to retain and employ Baker Botts L.L.P. ("Baker Botts") as their counsel effective *nunc*

*pro tunc* to the Petition Date, under sections 327(e) and 330 of title 11 of the United States Code

(the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and after reviewing the Application, the Declaration of

Michael Goldberg, a partner at Baker Botts (the "Goldberg Declaration"), and the declaration of

Jeffrey A. Starzec (the "Starzec Declaration"), the Court hereby finds:

      A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

      B.     The Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

      C.     Venue of this proceeding and the Application in this district is proper pursuant to

28 U.S.C. § 1408.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given in the Application.

1

D.      Based on the representations made in the Application and in the Goldberg Declaration, Baker Botts does not hold or represent an interest adverse to the Debtors' estates with respect to the matters on which employment is sought, as required by section 327(e) of the Bankruptcy Code.

E.      The relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

F.      The Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required.

G.      The Court reviewed the Application and heard statements in support of the Application at a hearing held before the Court (the "Hearing").

H.      The legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein.

I.      Any objections to the relief requested herein have been withdrawn or overruled on the merits.

Therefore, after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Pursuant to sections 327(e) and 330 of the Bankruptcy Code, the Debtors are authorized to retain and employ Baker Botts as special litigation counsel *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and the Goldberg Declaration, as modified by this Order.  Specifically, Baker Botts is authorized to represent the Debtors in the Arbitration Proceedings, the SEC Investigation, and provide other general litigation services to the Debtors; provided, however, that Baker Botts shall not represent the Debtors or their bankruptcy estates in the (i) Derivative Litigation and (ii) Securities

Litigation beginning upon the date the United States District Court for the Southern District of Texas grants any motion to dismiss the Debtors from the Securities Litigation.

2.      Baker Botts shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Baker Botts also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosure as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Baker Botts in these chapter 11 cases.

3.      Baker Botts shall provide notice to the Debtors, the U.S. Trustee, and any official committee of any increases to the rates of Baker Botts timekeepers providing services to the Debtors no later than 10 days following the implementation of such rate increases at Baker Botts. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

4.      Notwithstanding anything to the contrary in the Application, Baker Botts will not seek, under 11 U.S.C. §§ 328 or 330, reimbursement for fees and expenses incurred in connection with defending against any objections to any of Baker Botts' fee applications that are filed.

3

5.    The Debtors and Baker Botts are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry to avoid immediate and irreparable harm as that phrase is used in Bankruptcy Rule 6003.  The enforceability of this Order shall not be limited notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

7.    This Order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

8.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  2-8-18

Marvin Isgur
United States Bankruptcy Judge

4

## EXHIBIT 2

### SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY

| Matter Number | Matter Description | Total billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|---|
| 086106.0101 | Sonangol SPA Arbitration 22781 | 209.1 | $162,680.84 | 0.00 | $162,680.84 |
| 081789.0109 | Sonangol JOA Arbitration 22782 | 210.9 | 161,266.30 | 206.45 | 161,472.75 |
| 077051.0114 | Chapter 11-Related Litigation | 307.6 | 257,265.10 | 169.08 | 257,434.18 |
| 077051.0125 | SEC Investigation | 273.7 | 211,097.76 | 5,011.82 | 216,109.58 |
| 077051.0127 | Securities Litigation | 200.2 | 150,392.52 | 4,467.78 | 154,860.30 |
| 077051.0141 | Bankruptcy Retention and Fee Applications | 105.5 | 70,214.78 | 614.50 | 70,829.28 |
| 077051.0142 | Non-Working Travel | 20.5 | 10,917.50 | 0.00 | 10,917.50 |
| **Totals** | | **1327.5** | **$1,023,834.80** | **10,469.63** | **$1,034,304.43** |

## EXHIBIT 3

## SUMMARY OF COMPENSATION REQUESTED BY PROFESSIONAL

| Attorney | Position with the Applicant/License Date | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| O.J. Alaniz | Partner, 2003 | Corporate/Financial Restructuring | $845.00 | 30.6 | $ 23,955.75 |
| O.J. Alaniz | Partner, 2003 | Corporate/Financial Restructuring | 684.25 | 16.8 | 11,495.42 |
| J.L. Alexander | Partner, 1988 | Litigation / Int'l Arbitration and Dispute Resolution | 1,210.00 | 1.1 | 1,331.00 |
| C.L. Barton | Associate, 2016 | Corporate/Financial Restructuring | 570.00 | 15.8 | 9,006.00 |
| E.R. Butler | Associate, 2006 | Global Projects Department / Energy Projects & Transactions Section | 865.00 | 25.2 | 21,798.00 |
| E.R. Butler | Associate, 2006 | Global Projects Department / Energy Projects & Transactions Section | 628.00 | 2.1 | 1,318.80 |
| Coble, S.E. | Associate, 2011 | Litigation | 770.00 | 20.1 | 15,477.00 |
| Coble, S.E. | Associate, 2011 | Litigation | 512.00 | 24.8 | 12,697.60 |
| P.R. Elliott | Partner, 1989 | Litigation | 930.00 | 2.7 | 2,511.00 |
| P.R. Elliott | Partner, 1989 | Litigation | 765.00 | 4.1 | 3,136.50 |
| D. Farah | Associate, 2004 | Litigation / Int'l Arbitration and Dispute Resolution | 660.00 | 6.0 | 3,960.00 |
| J.G. Foster | Special Counsel, 1984 | Litigation | 780.00 | 6.1 | 4,758.00 |
| J.G. Foster | Special Counsel, 1984 | Litigation | 600.00 | 5.9 | 3,540.00 |
| M.S. Goldberg | Partner, 1982 | Litigation / Int'l Arbitration and Dispute Resolution | 1,320.00 | 100.3 | 126,126.00 |
| M.S. Goldberg | Partner, 1982 | Litigation / Int'l Arbitration and | 1,122.00 | 13.9 | 15,595.80 |

| | | Dispute Resolution | | | |
|---|---|---|---|---|---|
| B.E. Gonsoulin | Associate, 2012 | Litigation | 670.00 | 52.3 | 35,041.00 |
| B.E. Gonsoulin | Associate, 2012 | Litigation | 512.00 | 6.3 | 3,225.60 |
| A.P. Hefley | Partner, 2004 | Litigation | 845.00 | 2.0 | 1,690.00 |
| J. Koepp | Partner, 2001 | Litigation / Int'l Arbitration and Dispute Resolution | 1,150.00 | 45.4 | 52,210.00 |
| J. Koepp | Partner, 2001 | Litigation / Int'l Arbitration and Dispute Resolution | 977.50 | 23.6 | 23,069.00 |
| R.C. Lewis | Partner, 2002 | Litigation | 845.00 | 211.4 | 175,886.75 |
| R.C. Lewis | Partner, 2002 | Litigation | 684.25 | 37.1 | 25,385.73 |
| J.M. Little | Associate, 2011 | Litigation | 770.00 | 0.8 | 616.00 |
| D.J. Lonczak | Partner, 1992 | Tax / Income Tax | 1,255.00 | 0.8 | 1,004.00 |
| H.W. McArdle | Partner, 1998 | Global Projects Department / Energy Projects & Transactions Section | 1,110.00 | 20.1 | 22,311.00 |
| H.W. McArdle | Partner, 1998 | Global Projects Department / Energy Projects & Transactions Section | 901.00 | 5.3 | 4,775.30 |
| J.A. Penrose | Associate, 2013 | Litigation | 595.00 | 71.0 | 42,245.00 |
| J.A. Penrose | Associate, 2013 | Litigation | 452.00 | 8.3 | 3,751.60 |
| N.M. Schottenstein | Associate, 2009 | Corporate/Financial Restructuring | 670.00 | 0.5 | 335.00 |
| N.M. Schottenstein | Associate, 2009 | Corporate/Financial Restructuring | 512.00 | 5.4 | 2,764.80 |
| L.C. Smith | Associate, 2013 | Litigation | 730.00 | 100.0 | 73,000.00 |
| L.C. Smith | Associate, 2013 | Litigation | 512.00 | 29.6 | 15,155.20 |
| D.D. Sterling | Partner, 1984 | Litigation | 1,200.00 | 96.7 | 116,040.00 |
| D.D. Sterling | Partner, 1984 | Litigation | 977.50 | 20.9 | 20,429.75 |
| A.M. Streett | Partner, 2002 | Litigation | 930.00 | 2.1 | 1,953.00 |
| A.M. Streett | Partner, 2002 | Litigation | 765.00 | 0.8 | 612.00 |
| K. Unni | Associate, 2003 | Litigation / Int'l Arbitration and Dispute Resolution | 730.00 | 67.2 | 49,056.00 |
| K. Unni | Associate, 2003 | Litigation / Int'l Arbitration and | 556.00 | 39.3 | 21,850.80 |

|  |  | Dispute Resolution |  |  |  |
|---|---|---|---|---|---|
| J.A. Walter | Associate, 2015 | Litigation | 570.00 | 31.4 | 17,898.00 |
| J.A. Walter | Associate, 2015 | Litigation | 436.00 | 9.5 | 4,142.00 |
| **Totals for Attorneys:** |  |  |  | **1163.3** | **$971,154.40** |

| Paraprofessional | Position with the Applicant | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| P.J. Bates | Litigation Support Manager | Information Technology / Practice Support | $244.00 | 0.7 | $    170.80 |
| B. Baxter | Litigation Support Coordinator | Information Technology / Practice Support | 315.00 | 14.7 | 4,630.50 |
| B. Baxter | Litigation Support Coordinator | Information Technology / Practice Support | 244.00 | 2.0 | 488.00 |
| L.L. Buenzow | Paralegal | Litigation | 340.00 | 0.5 | 170.00 |
| L.L. Buenzow | Paralegal | Litigation | 268.00 | 0.6 | 160.80 |
| R.M. Fontenla | Paralegal | Corporate/Financial Restructuring | 340.00 | 29.1 | 9,894.00 |
| R.M. Fontenla | Paralegal | Corporate/Financial Restructuring | 268.00 | 1.1 | 294.80 |
| E.F. Lazear | Paralegal | Litigation | 340.00 | 54.7 | 18,598.00 |
| E.F. Lazear | Paralegal | Litigation | 268.00 | 14.4 | 3,859.20 |
| A.C. Stanescu | Intern | Litigation / Int'l Arbitration and Dispute Resolution | 325.00 | 25.5 | 8,287.50 |
| O. Zujeva | Paralegal | Litigation / Int'l Arbitration and Dispute Resolution | 268.00 | 13.6 | 3,644.80 |
| O. Zujeva | Paralegal | Litigation / Int'l Arbitration and Dispute Resolution | 340.00 | 7.3 | 2,482.00 |
| **Totals for Paraprofessionals:** |  |  |  | **164.2** | **$52,680.40** |

## EXHIBIT 4

### SUMMARY OF ACTUAL AND NECESSARY EXPENSES

| Expense Category | Amount |
|---|---|
| Delivery Service | $   575.88 |
| Photocopies | 593.90 |
| Computerized research | 2,555.07 |
| Electronic Court Records | 27.20 |
| Long-distance telephone | 21.99 |
| SHI International – jump drives | 7.36 |
| Media Services – CDROM Capture | 15.00 |
| Travel | |
|    Ground Transportation | 349.47 |
|    Airfare | 4,395.53 |
|    Hotel | 1,512.97 |
|    Meals | 320.80 |
|    Parking | 73.00 |
|    Wifi | 21.46 |
| **Total** | **$10,469.63** |