Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel (415) 616-0466
Fax (415) 398-2820
jhayes@fhlawllp.com

Omar J. Alaniz, Admitted *Pro Hac Vice*
Jonathan Rubenstein, Admitted *Pro Hac Vice*
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Tel (214) 953-6594
Fax (214) 661-4594
Omar.Alaniz@BakerBotts.com
Jonathan.Rubenstein@BakerBotts.com

Attorneys for Petitioner
GENBAND Management Services Corporation

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br>**COEFFICIENT, LLC,**<br>Alleged Debtor. | Case No.: 4:18-bk-41932<br>Chapter 7 |
| In re:<br>**TELEFFICIENT, LLC; aka TELESWITCH FINANCE, LLC,**<br>Alleged Debtor. | Case No.: 4:18-bk-41933<br>Chapter 7<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GENBAND'S REPLY TO SUPPLEMENTAL SUBMISSION OF ALLEGED DEBTORS IN SUPPORT OF ALLEGED DEBTORS' ALLOCATION OF ATTORNEYS' FEES AND TOTAL FEES SOUGHT** |

Genband Management Services Corporation hereby files its Reply to the Supplemental Submission of Alleged Debtors' Allocation of Attorneys' Fees and Total Fees Sought and in support thereof states as follows:

I. **This Court's dismissal of GENBAND's involuntary petitions under 305(a)(1) does not warrant an automatic grant to the Alleged Debtors of attorneys' fees, fees on fees, and costs.**

As briefed in Sections I through III of GENBAND's Memorandum of Points and Authorities in Support of GENBAND's Response to Alleged Debtors' Motion for Judgment Against GENBAND for Fees and Costs (Dkt. 47 "GENBAND's Opposition"), the Alleged Debtors rely on a cherry-picked presentation of the law to support their request for full attorneys' fees and costs, but because the Court dismissed the involuntary bankruptcies under section 305, rather than section 303, a fee award is far from a foregone conclusion. The weight of authority holds that section 303(i) attorneys' fee awards are not available where an action has been dismissed pursuant to section 305. *See, e.g.*, *Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115, 127 (D.Md.1995) ("It would be paradoxical for the bankruptcy court to refuse to exercise jurisdiction on the grounds that the parties' interests are best served by the court's non-involvement, yet then to entertain a suit for damages stemming from the same bankruptcy proceedings."); *but see In re Macke Int'l Trade, Inc.*, 370 B.R. 236, 259 (B.A.P. 9th Cir. 2007) (approving award of attorney's fees under Section 303 following dismissal of case under Section 305).[1]

This Court stated in its oral ruling that a) GENBAND's involuntary petitions were not brought in bad faith,[2] b) under precedent, the Court has "extraordinary discretion with respect to the basis for an amount of fees,"[3] and c) that the Court was open to GENBAND's argument in a response that fees are inappropriate due to the circumstances in this case.[4] GENBAND respectfully requests that this Court decline to award the Alleged Debtors full attorneys' fees and costs.

---

[1] At the March 27, 2019 hearing on the fee issue, counsel for the Alleged Debtors acknowledged that *In re Macke Int'l Trade, Inc.*, 370 B.R. 236, 252 (B.A.P. 9th Cir. 2007) is not binding on the bankruptcy court.
[2] Transcript of Court's Ruling on Motion to Dismiss, November 2, 2018 (Hr'g. Tr.) at 27:16.
[3] Hr'g. Tr. at 27:19-22
[4] Hr'g. Tr. at 31:22-32:4.

**II.     In no event should this Court award more than the $54,429.93 Alleged Debtors' claim can be allocated to Section 305(a) fees.**

Courts disagreeing with the *Macke* decision suggest that there should be no attorneys' fees or costs awarded under section 305(a)(1); should this Court disagree with that precedent and instead follow the majority in *Macke*, section 303(i) leaves whether fees are awarded, and in what amount, up to the Court's discretion. *Macke*, 370 B.R. at 252.

As briefed in Section IV of GENBAND's Opposition, if the Court allocates some attorneys' fees to the Alleged Debtors, it should limit recovery to fees related to the abstention argument in the Motion to Dismiss. The Supplemental Submission of Alleged Debtors in Support of Alleged Debtors' Allocation of Attorneys' Fees and Total Fees Sought (Dkt. 52 "Alleged Debtors' Supplement") reveals that only $54,429.93 of the Alleged Debtors' original $200,000-plus fee request can be attributed to work spent on Section 305(a). In the interest of judicial efficiency, GENBAND will not challenge the Alleged Debtors' fee allocation; to the extent this Court decides to award fees, it should only award fees for the portion of the case which was actually ruled upon, limiting the possible fee award to $54,429.93.[5]

**III.    The Court should not award any fees that the Alleged Debtors incurred in connection with the defense of its fee request.**

Finally, the Court should not award *any* fees that the Alleged Debtors incurred in connection with the defense of its fee request. The Supreme Court in *Baker Botts L.L.P. v. ASARCO LLC* held that fees incurred by professionals employed by the bankruptcy estate in defending fee applications are not compensable as a matter of law. 135 S. Ct. 2158, 2169, 192 L. Ed. 2d 208 (2015). Because American jurisprudence is guided by the "bedrock principle" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise," specific intention to vary from the American Rule is required before fee-shifting will be assessed. *Id*. at 2164-65. The Court noted only one bankruptcy statute that provides for fee shifting: 11 U.S.C. § 110(i)(1)(C). *Id.* at 2165-66. That statute expressly overrides the American Rule, making fees incurred "in

---

[5] GENBAND undertook a review of the transcript of the hearing on the motion to dismiss. Approximately 25% of the time at the hearing was spent on the section 305 issue.

Case: 18-41932    Doc# 53    Filed: 04/17/19    Entered: 04/17/19 15:11:35    Page 3 of 5

GENBAND's Reply to Supplemental Submission of Alleged Debtors          Page 3

moving for damages under this subsection" expressly compensable. *Id*. at 2166. As stated in *ASARCO*, "[h]ad Congress wished to shift the burdens of fee-defense litigation" under another statute, "it easily could have done so." *Id*. This Court should follow the Supreme Court and Congress's example and decline to interpret Section 303(i) as allowing recovery of fees incurred in defending the fee request.

If, however, the Court disagrees that *ASARCO* is applicable, it may still exercise its broad discretion to decline awarding any "fees on fees" under Section 303(i). The law is clear that to the extent "fees on fees" are ever compensable, they are only compensable when the original fee request is *successful*. *See Hardt v. Reliance Standard Life Ins. Co*., 560 U.S. 242, 253, 130 S. Ct. 2149, 2157, 176 L. Ed. 2d 998 (2010) (holding that where statute allowed fees to be granted according to the Court's discretion and Congress did not express intent to abandon the American rule, "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees."). If the Court awards fees only for the Section 305 work, then the original fee request is not fully "successful," and therefore the court should not award "fees on unsuccessful fees."

Furthermore, counsel for the Alleged Debtors at Pachulski Stang Ziehl & Jones LLP ("PSZJ") appears to have more than doubled its fees due to unfounded assumptions regarding this Court's fee award process.[6] In Kenneth Brown's Declaration in Support of the Alleged Debtors' Supplement, Mr. Brown includes a footnote explaining that, while the Alleged Debtors' Reply brief stated PSZJ would cap its March fees at $5,000, "that statement was prior to (i) any indication that the Court would not award fees for work done in connection with seeking dismissal under section 303(b); and (ii) in the hope of avoiding the necessity of submitting additional evidence of fees incurred and incurring the associated costs." (Dkt. 52-1, pg. 2). The time that the Alleged Debtors' counsel spent correcting its time entries is simply not compensable and should not be shifted to GENBAND. *See, e.g. In re Schneider*, 06-50441-MM, 2007 WL 3095464, at *7 (Bankr. N.D. Cal. Oct. 22, 2007) ("Where the time entries are incomplete or require editing in order to comply with the court's standards, the editing services are a clerical function that are not compensable.")

---

[6] See Page 5 of Dkt. 52-1 requesting more than $10,000 for fees through March 31, 2019.

Case: 18-41932    Doc# 53    Filed: 04/17/19    Entered: 04/17/19 15:11:35    Page 4 of 5
GENBAND's Reply to Supplemental Submission of Alleged Debtors                    Page 4

GENBAND should not have to bear the expense of PSZJ's failure to segregate fees for tasks, which is a common bankruptcy practice consistent with the United States Trustee guidelines. Although PSZJ may not be subject to the U.S. Trustee guidelines, PSZJ stated from the outset that it would be seeking fees, and therefore reasonably should have anticipated the need for task billing under the circumstances.

This Court should decline to award fees on fees, especially given its dismissal based on Section 305 grounds alone and PSZJ's questionable billing for the Motion for Judgment for Attorneys' Fees.

### IV. Conclusion

GENBAND filed the involuntary bankruptcies as a remedy afforded by Congress with a good-faith belief that it was a proper remedy. This Court should hold that section 303(i) is inapplicable to dismissals of involuntary petitions under section 305(a)(1). Alternatively, the Court should determine, based on the totality of the circumstances, that no fees or costs are appropriate in this case. If the Court does award fees and costs, they should not exceed the $54,429.93 in Section 305(a) attorneys' fees submitted by the Alleged Debtors. The Court should not award any fees that the Alleged Debtors incurred in connection with the defense of its fee request or allow recovery of fees due to counsel's failure to properly track time spent, which is not defensible under circumstances in which counsel knew from the outset that it would be seeking fees.

Dated: April 17, 2019　　　　　　　　　　　　**FINESTONE HAYES LLP**

By: *Jennifer C. Hayes*
　　Jennifer C. Hayes
　　Attorneys for GENBAND Management
　　Services Corporation

　　BAKER BOTTS LLP
　　Omar J. Alaniz
　　Jonathan Rubenstein
　　Amy Heard